UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 21CR212

MICHAEL J. CANNELL,

                                             Green Bay Division

        Defendant.

## PLEA AGREEMENT

1.    The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and William Roach, Assistant United States Attorney, and the defendant, Michael J. Cannell, individually and by attorney Geoffrey Misfeldt, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, enter into the following plea agreement. Both the Government and the defendant understand that, in accordance with Rule 11(c)(1)(C), if the Court should decide not to accept the Plea Agreement, the defendant has the right to withdraw his plea of guilty and proceed to trial. The specific terms of the agreement are as follows:

### CHARGES

2.    The defendant has been charged in a single count information, which alleges a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) & (b)(2). The defendant was previously charged in a four-count indictment with violations of production of child pornography contrary to 18 U.S.C. § 2251(a). The charges in the indictment will be dismissed pursuant to the terms of this plea agreement.

3. The defendant has read and fully understands the charge contained in the Information. He fully understands the nature and elements of the crime with which he has been charged, and the charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney. By the terms of this plea agreement, the *defendant further agrees to waive presentment to the Grand Jury of the charges in the Information.*

4. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

*THE UNITED STATES ATTORNEY CHARGES THAT:*

*1. On or about August 8, 2021, in the State and Eastern District of Wisconsin,*

*MICHAEL J. CANNELL*

*knowingly possessed matter that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), and which had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce, and that was produced using materials that had been mailed, shipped, and transported by a means of interstate and foreign commerce, including by computer.*

*2. The child pornography possessed by the defendant included files identified by the following partial file names:*

| Partial File Name Ending | Description |
|---|---|
| 021425 | *This digital movie file, approximately 1 minute and 21 seconds in length, depicts a naked, female under the age of 18 years, who unknowingly exposed her pubic and genital area to a recording device that had been placed in a bathroom and positioned such that it would have recorded such sexually explicit activity.* |

2

*All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) & (b)(2).*

5.   The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

On August 31, 2021, BCSD Sgt Tracy Holschbach assisted in the execution of a search warrant at Michael Cannell's residence located on Lost Dauphin Road, Lawrence, State and Eastern District of Wisconsin. The search warrant was based on an investigation involving undercover agents downloading child pornography from a device located at that residence in April 2021 that contained file sharing software and child pornography files.

Law enforcement located Cannell's phone and confirmed he used it for sending pictures, text messages, and business files. A further review of the cell phone revealed approximately 4 videos believed to be child pornography. The video files generally depict a female, later identified as Minor Female 1, disrobing in the guest bathroom of Cannell's residence as captured by a hidden recording device. Other videos depict Minor Female 1 changing clothes in a guest bedroom of the residence, also captured by a hidden recording device. The video files are time stamped using the recording devices internal features used to capture date and time which are believed to be accurate based on Minor Female 1's later interview with law enforcement where she recalled the times and events on this date. The dates and times captured are August 8, 2021, between 2:10am and 4:02am. More specifically those files are as follows:

    a. **COUNT ONE**-One video file approximately 1 minute and 21 seconds in length and entitled YIEYE-056660-VMSSP_2021-08-08 021425 that was captured on August 8, 2021 (2:14 am). The video depicts Minor Female 1 entering the bathroom at Cannell's residence and undressing. Minor Female 1 unknowingly exposed her pubic and genital area to a recording device that had been placed in the bathroom and positioned such that it would have recorded both her pubic area as she sits down to use the toilet, stands from a seated position from the toilet after using it, and as she wipes her pubic area with toilet paper. Minor Female 1 walks to the sink to grab her underwear and her pubic area and buttocks are naked and visible as captured by the recording device, which was placed at a location that appears to be on the bathroom counter, a few feet from Minor Female 1's location.

    b. One video file approximately 2 minutes and 51 seconds in length and entitled YIEYE-056660-VMSSP_2021-08-08 035000 that was captured on August 8, 2021 (0350am). The video depicts Minor Female 1 entering the bathroom at Cannell's residence and undressing. Minor Female 1's breasts, pubic, and genital area is recorded.

    c. One video file approximately 3 minutes and 08 seconds in length and entitled YIEYE-056660-VMSSP_2021-08-08 035645 that was captured on August 8,

3

2021(0356am). The video depicts Minor Female 1 inside the bathroom at Cannell's residence fully naked. Minor Female 1's breasts and pubic area are visible during most of the video. Depending on Minor Female 1's movements and position of the recording device, there are portions of the video when her genitals are clearly visible.

On September 15, 2021, law enforcement interviewed Minor Female 1 who confirmed that on August 7 and 8, 2021, she and her high school friend were at Cannell's residence with Cannell and Cannell's girlfriend, who Minor Female 1 described as a long-time family friend. Minor Female 1 confirmed using the guest bathroom at Cannell's residence to change clothes, take a shower, and use the toilet. She was unaware that there was a recording device hidden in the bathroom or the bedroom where she and her friend stayed. Minor Female 1 said she was drinking alcohol with Cannell, his girlfriend, and some of their friends who were all above the age of 21 years old. Cannell knew Minor Female 1 was underage.

Cannell agrees that he intended to record and then possess videos of sexually explicit conduct of Minor Female 1 by setting up the hidden recording device such that it would capture the genitalia and pubic area of Minor Female 1 in the bathroom. Cannell used an Apple iPhone and used it to activate the recording device in the bathroom that then created a recording of him doing so. This was done in advance of Minor Female 1's arrival and for purposes of ensuring that the recording device worked. Law enforcement also located text messages between Cannell and Adult Female 1 during which Adult Female 1 stated the following to Cannell about Minor Female 1, "you're gonna die when you see 'Minor Female 1'" and Cannell responded "Lmao, why?!" Adult Female 1 stated, "Gorgeous and tall as fuck" and Cannell responded with a smiley face emoji. Cannell further agrees this movie file depicts sexually explicit images of minor and thus also constitutes child pornography.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in these offenses.

**PENALTIES**

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 10 years and $250,000. The count also carries at least 5 years of supervised release and a maximum of a life term of supervised release. The count also carries a $100 special assessment as well as an additional $5,000 special assessment if deemed non-indigent. The parties further recognize that a restitution order may be entered by the court and devices possessed by Cannell that contain contraband are subject to forfeiture.

4

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

**Dismissal of Indictment**

8. The government agrees to move to dismiss the original indictment as to Cannell at the time of sentencing.

**ELEMENTS**

9. The parties understand and agree that in order to sustain the charge of possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A, as set forth in the Indictment, the government must prove each of the following propositions beyond a reasonable doubt:

> **First**, The defendant knowingly possessed or accessed with intent to view any visual depiction;
>
> **Second**, the visual depiction is child pornography;
>
> **Third**, the defendant knew that one or more of the persons depicted were under the age of eighteen years; and
>
> **Fourth**, the material identified in the indictment has been mailed, shipped or produced using materials that have been mailed, shipped or transported in a manner affecting interstate or foreign commerce.
>
> *Sexually explicit conduct* is defined as actual or simulated sexual intercourse, including genital-genital, oral-genital, masturbation, or lascivious exhibition of the genitals or pubic area of any person. 18 U.S.C. § 2256(2)(A). In establishing whether an image is lascivious, the focus of the image must be on the genitals or the image must be otherwise sexually suggestive. *United States v. Miller*, 829 F.3d 519 (7th Cir. 2016). In making this determination, the fact finder will look to the image itself as well as the creator's intent in making the video.
>
> 7th Cir. Jury Instruction

5

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant but the specific agreement as to sentencing set forth in this plea agreement control irrespective of the guideline range.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

14. Pursuant to Rule 11(c)(1)(C), the parties enter into this plea agreement. If the Court accepts this Plea Agreement, the Defendant will receive the sentence within the range set forth in paragraph 22. If the Court rejects this Plea Agreement, the Defendant will have the

6

opportunity to withdraw his plea of guilty and proceed to trial, as provided under Rule 11(d)(2)(A).

## Sentencing Guidelines Calculations

15. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

16. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

## Base Offense Level

17. The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offenses charged in Count One is 18 under Sentencing Guidelines Manual § 2G2.2.

## Specific Offense Characteristics

18. The parties acknowledge and understand that the government will recommend that no specific offense level increases apply.

7

### Acceptance of Responsibility

19.  The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

20.  Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offenses as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

21.  Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

22.  Pursuant to Rule 11(c)(1)(C), both the government and the Defendant agree that, after consideration of all the factors set forth in Title 18, United States Code, Section 3553(a), the appropriate sentence to be imposed in this case is no less than 5 years and no more than 8 years imprisonment. The parties are free to argue for any sentence within that range. The parties further agree that, upon his release from prison, the Defendant should be subject to a 5-7 year term of supervised release and will have to register as a sex offender. The government remains

free to take a position with respect to any fact or factor pertinent to the sentencing decision consistent with this agreement.

## Court's Determinations at Sentencing

23. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound to accept this agreement. The United States Probation Office will make its own recommendations to the sentencing court.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

25. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction or upon further order of the court. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. The defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

26. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form.

## Fine

27. The government will recommend to the sentencing court that no fine be imposed against the defendant.

## Special Assessment

28. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing, or upon further order of the court.

## Additional Assessment

29. If the defendant is determined to be non-indigent, the court must impose a $5,000 special assessment for each count of conviction pursuant to 18 U.S.C. 3014(a)(3). This amount cannot be reduced and it applies to offenses committed after the date of May 29, 2015.

## Restitution

30. The parties acknowledge and understand that the government may recommend to the sentencing court that the defendant pay restitution should a request be made by a victim in this case. The defendant understands that because restitution for the offenses is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

## Forfeiture

31. The defendant agrees that any computers, external hard drives, electronic recording devices, and storage disks seized by law enforcement that were used to facilitate the offense of conviction or contain child sexual abuse material shall be forfeited and agrees to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

## DEFENDANT'S WAIVER OF RIGHTS

32. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims including the right to appeal all issues raised in pretrial motions. Further, he waives the right to challenge on multiplicity or other grounds the charges set forth in the Information, as well as additional rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

   e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

33. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has

11

explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

34. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

35. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## APPEAL WAIVER

36. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction or sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statute[s] or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not

fall within the scope of the statute[s] or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

### Further Civil or Administrative Action

37. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### MISCELLANEOUS MATTERS

38. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three

13

business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## **GENERAL MATTERS**

39. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

40. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

41. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

42. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement. The defendant further agrees that these rights extend to other victims in this case that are not included in offenses of conviction.

## **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT**

43. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's

14

agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

44. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 7/13/23

MICHAEL CANNELL
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 7/13/23

GEOFFREY MISFELDT
Attorney for Defendant

For the United States of America:

Date: 7/18/23

GREGORY J. HAANSTAD
United States Attorney

Date: 7/18/2023

WILLIAM ROACH
Assistant United States Attorney