UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             Case No. 21-CR-212

MICHAEL CANNELL,

        Defendant.
_____

## DEFENDANT'S SENTENCING MEMORANDUM
_____

The Defendant, Michael Cannell, by and through counsel, Geoffrey R. Misfeldt of HART POWELL, S.C., hereby respectfully submits this sentencing memorandum in anticipation of Cannell's November 9, 2023, sentencing hearing:

### A. Introduction

This Court should impose a sentence of five years in prison and five years of supervised release. Such a sentence is entirely consistent with and is sufficient but not greater than necessary to achieve the sentencing goals and purposes set forth in 18 U.S.C. §3553(a).

### B. Analysis and Application of Section 3553(a) factors

#### 1. Statement of Law

The 18 U.S.C. § 3553(a) factors include:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;

**HART POWELL, SC**
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595

(2) The need for the sentence imposed-

    (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) To afford adequate deterrence to criminal conduct;

    (C) To protect the public from further crimes of the defendant; and

    (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available;

(4) The advisory guideline range;

(5) Any pertinent policy statements issued by the Sentencing Commission;

(6) The need to avoid unwarranted sentence disparities; and

(7) The need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, the district court must select a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing, which are (A) just punishment, (B) deterrence, (C) protection of the public and (D) rehabilitation of the defendant. § 3553(a)(2).

**2. Nature and Circumstances of the Offense**

Cannell believes the PSR accurately describes his criminal conduct, for which he has accepted responsibility. Cannell wrongly decided in an impaired state to set up a hidden camera to capture a 16-year-old girl in

Hart Powell, SC
Attorneys at Law
735 North Water Street
Suite 1212
Milwaukee, WI 53202
(414) 271-9595

various states of undress. He recorded her on one night in an act of selfish voyeurism. Cannell did not coerce the victim, engage in violence, touch the victim, or assault her. He did not share or sell or distribute the videos of the victim.

### 3. History and Characteristics of the Defendant

The PSR recounts a modest yet comfortable upbringing for Cannell. He learned skills from his father at a young age and his strong work ethic developed in high school. Though he did not attend college, Cannell has always been employed and hardworking. In his 30s, he bundled all of his skills and know-how to start his own successful business. His success ultimately coincided with his downfall. Cannell's success led to financial prosperity, which saw him plugged into new social circles. Cannell's drug use also increased. Though he would use controlled substances on occasion, his usage began to spiral out of control where he would take Adderall during the day, marijuana at night to get to sleep, and on weekends he would drink and use cocaine. He is fully aware that his judgment during this time period was impaired by his consumption of controlled substances.

### 4. Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the Offense.

For the reasons stated below, in the section on comparable cases, it is respectfully submitted that a sentence of five years of imprisonment will account for the need to take into account the seriousness of the offense

**HART POWELL, SC**
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595

and will promote respect for the law and punish Cannell. After all, even if the Court imposes the minimum sentence permitted by the plea agreement, Cannell will be on sex offender supervision until 2030 and on the sex offender registry until 2040.

### 5. Adequate Deterrence to Criminal Conduct

Whatever sentence the Court imposes will be more than sufficient to deter Cannell from participating in future criminal conduct. Before his arrest on September 22, 2021, Cannell had never been in policy custody and has no history of involvement with the criminal justice system.

It is also worth noting here that as of the date of sentencing Cannell will have spent over two years in a county jail setting. Such confinement is much more harsh than a prison setting. Cannell has had no access whatsoever to the outdoors (or even the opportunity to see outside) and has virtually no access to educational or other programming. He gets an hour per day to 'exercise' in a 30-by-30-foot room without any equipment therein. Furthermore, Cannell has been so confined for the much of the COVID-19 pandemic, enduring prolonged periods of isolation and quarantine as local jails struggled to identify methods to slow the spread of the virus. As a result, Cannell has only seen his family and friends via video visits.

Despite these challenging conditions, Cannell has had no conduct issues, has worked more than 3,200 hours in the laundry facility, and as the letters in support reflect, he has been an exemplary inmate. The

HART POWELL, SC
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595

4

Court can, and should, consider the extraordinarily difficult nature of Cannell's pre-trial confinement in setting the amount of additional time required.

## 6. Protect the Public

A sentence of five years will provide ample protection for the public on three fronts. First, and most obviously, the sentence will keep Cannell removed from the community for a substantial period of time. Second, a sentence of five years will provide sufficient time for Cannell to receive treatment to address his substance abuse issues. Third, a sentence of five years will be followed by 15 years of sex offender registration, which will provide additional accountability for, and supervision of, Cannell.

## 7. Defendant's Need for Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.

Cannell would greatly benefit from participating in the Bureau of Prison's Residential Drug Abuse Program (RDAP) and he asks the Court to find him eligible to participate. The RDAP is 500-hour residential program for those with a substance abuse disorder. Cannell clearly qualifies in light of the fact that searching officers found "an assortment of drugs including Adderall, cocaine, and THC" at Cannell's home (PSI ¶ 26) and Cannell's acknowledgement of poly-substance abuse (*see* PSI ¶¶ 75-80).

## 8. The Kinds of Sentences Available

Pursuant to the plea agreement accepted by the Court, the Court is bound to impose a sentence of between five and eight years of

Hart Powell, SC
Attorneys at Law
735 North Water Street
Suite 1212
Milwaukee, WI 53202
(414) 271-9595

imprisonment and a period of supervised release of between five and seven years. As of the date of sentencing, Cannell will have been in custody for 779 days.

## 9. The Sentencing Range Established

Although of limited value given the nature of the plea agreement, the guidelines calculated by the PSI would call for a sentence below five years of imprisonment (PSI ¶ 100).

## 10. Pertinent Policy Statement

Cannell has nothing to add.

## 11. Comparable Cases

There are myriad local recent criminal cases that support the Court sentencing Cannell to the minimum amount of time called for by the plea agreement. They include the following:

A. ***U.S.A. v. Ryan Abbott*, E.D.WI. case number 21-CR-229**: Abbott was on supervised release for distributing child pornography in the District of Maine, following his release from a five-year prison sentence. Two years into his supervised release, probation officers searched his home and found 800 pairs of girls underwear, children's shoes and clothes, and a sex doll dressed in children's clothing (*Abbott* dkt. #9, pg. 4). They also discovered several electronic devices containing more than 10,000 child pornography files (*id.*). Abbott was sentenced to the

HART POWELL, SC
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595

mandatory minimum of 10 years imprisonment, concurrent to his revocation sentence.

B. ***U.S.A. v. Todd Naze*, E.D.WI case number 20-CR-37**: Naze was a counselor at Southwest High School who set up a hidden camera in the women's bathroom at school. According to his plea agreement, Naze created nearly 350 videos of females unwittingly exposing their pubic areas in this bathroom, including capturing 17 minor females in various states of undress (*Naze* dkt. #19, pgs. 3-4). Naze pleaded to producing child pornography and was sentenced to the mandatory minimum of 15 years of imprisonment.

C. ***State v. Christopher Caley*, Brown County case number 15CF1336:** Caley used trickery for several years to surreptitiously record or photograph at least 78 women in the nude without their consent. *State v. Caley*, Wis. Ct. App., opinion available online at https://law.justia.com/cases/wisconsin/court-of-appeals/2021/2019ap000665-cr.html. Caley was sentenced to eight years of initial confinement.

D. ***State v. Joseph Higson*, Brown County case number 17CF981**: Higson, according to news reports, told a man he met via email that he could send him photos and videos of his then 13-year-old niece that he had secretly taken the year

HART POWELL, SC
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595

before using a 'motion-activated recorder' and a lens extension that can "stick out of vent slots, pockets or through zippers." The photo showed his niece getting out of the shower and putting on clothes. Higson promised the man that he could send him more photos and videos of his niece after he visited with her in June. Authorities said Higson was trading the videos online. Higson was sentenced to four years of initial confinement.

E. ***State v. Alex Napieralla*, Brown County case number 19CF1954**: Napieralla, then 26-years-old, had a 15-year-old girl over to his house. He touched her breast and pubic area against her wishes, then, when she was pretending to sleep, Napieralla exposed her breasts and took pictures of them. *State v. Napieralla*, Wis. Ct. App. summary disposition, available online at https://www.wicourts.gov/ca/smd/DisplayDocument.pdf?content=pdf&seqNo=643917. Napieralla was sentenced to four years of initial confinement.

F. ***State v. Marcus Lewis, Dewayne Towner, and Daniel Webster*, Brown County case numbers 08CF770, 771, and 772**: All three men in their 20s were charged with sexually assaulting a 16-year-old girl and recording the assault. All three received seven years of initial confinement. *See*

HART POWELL, SC
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595

*https://crimesagainstourchildren.blogspot.com/2009/06/three-men-plead-guilty-to-video-taping.html*[1], last accessed 11/3/23.

Cannell understands that no two cases are ever the same, but Cannell's case is substantially less aggravated than any of those identified above. Cannell is not a repeat offender, like Abbott was. Cannell's case does not involve multiple victims like Naze or Caley's cases did. Cannell's case does not involve sexually assaulting a victim like Napieralla, Lewis, Tower, or Webster's cases did. If anything, Cannell's case is most like Higson, but Higson's victim was meaningfully younger, Higson was a distributor, and Higson only received four years of initial confinement.

### 12. Need to Provide Restitution

Cannell acknowledges that restitution is owed to the victim and will make her whole.

## C. Sentencing Recommendation

Based on the information in this Sentencing Memorandum and the PSR, Cannell requests the Court impose a sentence of five years in prison and five years of supervised release, which is sufficient but not greater than necessary to serve the purposes of 18 U.S.C. §3553(a)(2). Further information and argument will be provided at the sentencing hearing.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2023.

**HART POWELL, SC**
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595

---

[1] Though counsel would ordinarily be reticent to cite a blog, it appears this particular blog aggregated a local news story that is not readily available on the internet. The blog nevertheless appears reliable, as its references to the defendant's names, their sentences, and that of the judge and prosecutor are all consistent with CCAP entries.

9

Respectfully submitted,

By: /s/ Geoffrey R. Misfeldt
Geoffrey R. Misfeldt
SBN: 1065770
grmisfeldt@hartpowell.com

**HART POWELL, SC**
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595