UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No. 21-CR-212

MICHAEL J. CANNELL,

        Defendant.

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and William J. Roach, Assistant United States Attorney, respectfully submits this Sentencing Memorandum.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 8, 2021, Michael Cannell produced multiple recordings of Minor Female 1 who, while naked in the bathroom of his residence, unknowingly exposed her pubic and genital area to a recording device that Cannell placed in the bathroom. Cannell purposefully positioned the device such that it recorded her pubic area as she showered, used the toilet, and performed other private bathroom related activities. Of course, Minor Female 1 was unaware she was being recorded and the degree to which Cannell's conduct violated her privacy and caused her mental harm is more fully set forth in her victim impact statement.

On October 19, 2021, a four count Indictment was returned against Cannell charging him with production of child pornography. Each charge subjected Cannell, upon conviction, to a mandatory minimum 15-year prison term, among other penalties.

On July 28, 2023, Cannell pled guilty to the amended charge of possession of child pornography, based on the conduct involving his surreptitious recording of Minor Female 1 in his bathroom. That offense has a 10-year maximum with no mandatory minimum. The plea agreement in this case binds the parties and this Court to impose a prison term of no less than 5 years and no more than 8 years. Further, the parties agree to recommend a term of between 5 and 7 years supervised release. The government recommends this Court impose an *8-year term* of imprisonment.

The parties reached this agreement in part based on a split among several appellate courts concerning whether the recordings of Minor Female 1 constituted sexually explicit conduct as defined by 18 U.S.C. § 2256(2)(A)(v). *See United States v. Hillie*, 14 F.4th 677 (D.C. Cir 2021) (vacating production of child pornography convictions based on defendant recording minor undressing in her bedroom and using the toilet in the bathroom- despite both recordings capturing the minor's pubic area). Post-plea, the Seventh Circuit affirmed a production of child pornography conviction involving similar recordings to that produced by Cannell. *United States v. Donoho,* 76 F.4th 588 (7th Cir. 2023).

II. **THE PRESENTENCE INVESTIGATION REPORT**

The government agrees with the offense conduct as set forth in the Presentence Investigation Report. It further agrees that the PSR has properly calculated the guideline imprisonment range of 37-46 months, although as noted, the parties are free to recommend a sentence between 5 and 8-years imprisonment. (PSR ¶ 100).

III. **APPROPRIATE SENTENCE UNDER 18 U.S.C. § 3553**

Section 3553(a) requires the court to impose a sentence that is "sufficient, but not greater

2

than necessary," to comply with the purposes of sentencing.[1] To determine the "particular" sentence to impose, the court must consider the familiar statutory factors listed in § 3553(a)(1)-(7). As the government explains below, a sentence of 8-years imprisonment is appropriate in this case because the § 3553(a) factors weigh in favor of such a sentence.

First, under 18 U.S.C. § 3553(a)(1), the nature and circumstances of the offense, and the history and characteristics of the defendant, call for a sentence of 8-years imprisonment.

> a. **Nature and Circumstances of the Offense.**

Stated simply, during the early morning hours of August 8, 2021, Cannell intentionally recorded Minor Female 1, a family friend, while naked when she was engaged in moments of extreme privacy and vulnerability. And he did so after allowing her to consume an excessive amount of alcohol at his residence. Minor Female 1 was supposed to be in a trusted environment- the residence of her mother's best friend. No one would expect to be recorded while showering or using the toilet under those circumstances. Understandably, Minor Female 1 was traumatized, as detailed in her victim impact statement, after learning of what Cannell had done.

The facts leading law enforcement to Cannell's residence and recovery of the movie files of Minor Female 1 are fairly recounted in the PSR and legal filings surrounding the BitTorrent investigation and challenges to the legality of the search warrant. In sum, Brown County Sheriff Department investigators (BCSD) determined that between April 6 and April 8, 2021, someone, using the Cannell WIFI, accessed the BitTorrent file sharing network and was associated with several files from known torrents containing child pornography. More specifically, BCSD

---

[1] Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(A)-(D).

identified a device at an IP address (associated with Cannell's residence) that involved a torrent that referenced 95 files, at least 1 of which was identified as being a file of investigative interest to child pornography investigations. That same day, BCSD used Torrential Downpour to connect directly to the suspect device and complete a "partial" single-source download of a 4-minute video containing suspected child pornography. This led to a search warrant executed at Cannell's residence on August 31, 2021.

Upon executing the search warrant, BCSD seized multiple cell phones, computers, and external storage devices but did not locate any evidence of BitTorrent file sharing programs or child pornography- other than the four movie files (and corresponding thumb cache images) of Minor Female 1 more specifically set forth in the PSR ¶ 22. Those movie files were found on Cannell's cell phone and the cache images on a Dell laptop. BCSD also located on the Dell laptop two images of Minor Female 1 and Cannell's girlfriend, Samantha Trebilcock, believed to be in the hot tub at the Cannell residence. Both Minor Female 1 and Trebilcock are topless, which does not meet the federal definition of child pornography but resulted in the filing of production of child pornography charges against Trebilcock in state court (Brown County Case Number 2021CF1774, State of Wisconsin v. Samantha Trebilcock).

There can be no doubt that Cannell purposefully recorded Adult Female 1 in the bathroom of his residence with the intent to capture sexually explicit conduct. *Government Exhibit 1* (attached) is Cannell's phone recording of him setting up the recording device of his bathroom residence on August 6, 2021, at 10:30 am- a day or so prior to Minor Female 1's arrival. And after Minor Female 1 and her friend (Minor Female 2) arrived, Cannell purposefully changed the camera angle to better capture Minor Female 1 while naked and fully displaying her pubic area as later captured on the recordings. *See Government Exhibit 2* (attached). Cannell's recordings also

4

captured cached images of Minor Female 2 in the bathroom but not in a sexually explicit manner.

Cannell attempts to explain this away by claiming he purchased cameras because his dog suffered some injury while being cared for by neighbors. PSR ¶ 32. Cannell adds that he then set up a camera in the bathroom where prescription medications were stored. *Id*. Cannell's sentencing memorandum offers another explanation by providing "Cannell wrongly decided in an impaired state to set up a hidden camera to capture a 16-year-old girl in various stages of undress." (Doc 78: p.2).

These varied explanations fall short of the truth. *Exhibit 1* makes clear that Cannell trained the camera on the bathroom shower a day before Minor Female 1 and friend arrived and at 10:37 am- presumably a time when he was sober. This bathroom can be described as the guest bathroom located immediately across the hallway from the guest bedroom that was set up for Minor Female 1 and Minor Female 2. Cannell reasonably knew both would be using that bathroom. Moreover, Cannell then changed the camera angle after capturing Minor Female 1 using the shower. The bathroom camera angle would not seem to capture a dog and doesn't show a cabinet with prescription pills. Nor does Cannell explain why he would put a camera in the guest bedroom trained on the bed.

Any doubt at all about Cannell's sexual interest in Adult Female 1 is clearly erased by consideration of the text messages exchanged with Trebilcock in the months and days leading up to the weekend. Some of those text messages are outlined in PSR ¶24.

b. **History and Character.**

Cannell's history and character[2] is a mixed bag. On the one hand, Cannell's PSR and letters of support detail a positive work history and character marked by compassion towards others. But

---

[2] Sentencing judges may use all the information they possess. No limitation shall be placed on the information concerning the background, character and conduct of a person for the purposed of imposing an appropriate sentence. 18 U.S.C. § 3661.

5

on the other hand, the text messages between Cannell and Trebilcock and other images recovered detail a sordid double life. Numerous images of 18–21-year-old and possibly younger females, some of whom are in bikinis or tight shorts, including "Kayla," "Maddie," "Ally" "Blake" and "Zoe," were located on Cannell's cell phone.

Some of the text message exchanges between Cannell and Trebilcock are disturbing to say the least. For example, on April 4, 2021, it appears that Cannell is out of the Green Bay area but Trebilcock contacts him by phone and advises that she is with Adult Female 1 who is very drunk. Trebilcock eventually sent to Cannell several photos of herself with Adult Female 1 and "Facetimes" with Cannell while both of them are naked in the hot tub at their residence. Prior to that occurring, Cannell directed Trebilcock as to what sexual acts to commit on this Adult who Trebilcock described as very intoxicated. Some of the text messages are as follows. After first being contacted by Trebilcock, Cannell directed her to "go eat that pussy!!." Trebilcock then advised "we r both super fucked up. Can go hot tub but tell me what you want." Cannell responded "just stick her tongue inside of you" "or suck your nipples" and then directed her to "text then to me." Trebilcock again advised Cannell "She's really drunk." Cannell responded "make me cum" and "or tell her to wait till I'm home tomorrow??" Cannell then added "let's fuck her up" and Trebilcock replied "ok!!" Cannell added "get her home and get her drunk." Shortly thereafter, Trebilcock sent four images to Cannell of her naked in the hot tub with Adult Female l. Cannell responded that the images were "fucking hottttt." Cannell asked "Can I have both of you?" Shortly thereafter, Trebilcock responded that "literally delivered on every request" and "it worked out so much better that you called and directed all of that? Things just started flowing naturally."

BCSD advise their investigation showed from the recovered images on Trebilcock's cell

6

phone that Trebilcock sent images of her and Adult Female 1 in the hot tub kissing while naked and also doing so while "Facetiming" or live recording the activity for Cannell. While Trebilcock was doing so, Cannell purportedly made a recording of the facetiming conduct shown by Trebilcock. Proof of this is further detailed in the text message exchanges where Trebilcock asked Cannell "we're the camera angles ok?" Cannell replied "yes" and "OMG seriously." Trebilcock later stated "I'm so fucking proud of you for screen recording that." Cannell replied "me too." Cannell later said "She want to do it again soon?" Trebilcock replied "that's what she said last night, we just have to hit her up." Cannell stated "let's do it sober then" and "I prefer that…"

For this conduct, Trebilcock faces an additional charge of unlawful recording of Adult Female 1 in the Brown County case described above. Cannell's role in the above conduct, in the government's view, reflects poorly on his character and evidences his interest in taking advantage of an intoxicated adult female for purposes of his own sexual gratification.

### c. Promote Respect for the Law/Provide Just Punishment

Absent a significant sentence for this offense, respect for the law is undermined. Moreover, considering all the § 3553 factors outlined in this memorandum and factors brought to the court's attention in this case thus far, an 8-year prison term is sufficient but not greater than necessary to meet Congress' mandates with federal sentencing.

### d. Afford Adequate Deterrence.

General deterrence is an appropriate sentence criterion in this case, especially so when the offense involves preplanning as reasonably fair to infer from the facts in this case. As the Seventh Circuit has explained: "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the

7

Case 1:21-cr-00212-WCG   Filed 11/08/23   Page 7 of 9   Document 82

customer demand for it and so the more will be produced." *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir.2007). Although Goldberg is a distribution of child pornography case, the basic principles ring true here.

    e. **Remaining Sentencing Factors**

Protection of public, provide training and medical care, the kinds of available sentences, avoiding unwarranted sentencing disparity, and restitution are additional considerations that may or may not factor into the sentence to be imposed. Cannell's sentencing memorandum suggests that a low range prison term is appropriate when compared to other cited cases. Of course, the devil is in the detail and comparing one case to the next is a difficult task to say the least, especially when citing to state court prosecutions. For every case cited by Cannell, there is an equal federal case example with similarities where a much longer prison term was imposed than that agreed upon in this case. *See Donoho* 76 F.4th at 595 (210-month prison term imposed in surreptitious recording of minor and possession of child pornography).

For all these reasons, the nature and circumstances of the offense, and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense under 18 U.S.C. § 3553(a)(2)(A), call for a sentence of 8 years imprisonment. For these same reasons, under 18 U.S.C. § 3553(a)(2)(B), the need for the sentence imposed to afford adequate deterrence to criminal conduct, and under 18 U.S.C. § 3553(a)(2)(C), the need for the sentence imposed to protect the public from further crimes of the defendant, a sentence of 8 years imprisonment is necessary to protect the public from Cannell's predatory crimes.

    IV.    **GOVERNMENT'S POSITION REGARDING RESTITUTION AND FINE**

Per the plea agreement, Cannell agrees to pay restitution in this case. Minor Female 1

obtained counseling services as a direct result of Cannell's crime but, to date, has not submitted a restitution request. (Plea Agreement ¶ 30). Consistent with 18 U.S.C. § 3664(d)(5), the government request the Court order restitution but set a date for the final determination of restitution amount not to exceed 90 days after sentencing.

Per statute and the plea agreement, Cannell is also responsible for an additional $5,000 special assessment pursuant to 18 U.S.C. § 3014(a)(3). (Plea Agreement ¶ 29).

## V. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court sentence the defendant to a term of imprisonment of 8 years.

Dated at Milwaukee, Wisconsin this 8th day of November 2023.

Respectfully submitted,

GREGORY J. HAANSTAD
United States Attorney

By: *s/ William J. Roach*
WILLIAM J. ROACH
Assistant United States Attorneys
Eastern District of Wisconsin